UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

ICR GROUP LLC,

                Debtor.

Chapter 11

Case No.: 24-40151 (JMM)

(Subchapter V Case)

------------------------------------------------------------X

**STIPULATION AND AGREED ORDER MODIFYING AUTOMATIC <u>STAY</u> OF
11 U.S.C. § 362(a) TO PERMIT CONTINUATION OF STATE COURT ACTION (JMM)**

This Stipulation and Agreed Order (this "<u>Stipulation</u>") is entered by and between ICR Group LLC (the "<u>Debtor</u>") and Eidel Weisz (the "<u>Claimant</u>"), a holder of a claim against the Debtor, by virtue of a lawsuit filed for certain alleged personal injury damages in a motor vehicle accident, as follows:

**<u>RECITALS</u>**:

**WHEREAS**, on January 11, 2024 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Eastern District of New York (the "<u>Bankruptcy Court</u>").

**WHEREAS**, on January 12, 2024, the U.S. Trustee for Region 2 appointed the Gerard Luckman as the Subchapter V trustee in the Debtor's case under Bankruptcy Code § 1183(a).

**WHEREAS**, prior to the Petition Date, Claimant filed an action which is pending in the Supreme Court of the State of New York, County of Kings, under Index No. 527332/2019 (the "<u>State Court Action</u>").

**WHEREAS**, Claimant has filed a proof of claim in this case in the amount of $25,000 (Claim No. 16).

**WHEREAS,** the Debtor filed its First Amended Plan on June 20, 2024 (ECF 53)

(the "Plan").

**WHEREAS**, under the Plan, once Claimant's claim has been liquidated and reduced to a final non-appealable judgment or settlement in the State Court Action, Claimant would have an allowed Class 7 general unsecured non-priority claim under the Plan and be entitled to a 5% distribution on its allowed claim.

**WHEREAS,** Claimant seeks relief from the automatic stay pursuant to Bankruptcy Code section 362(a) to permit the prosecution and liquidation of its claim in the State Court Action, to the extent and reserving all rights and defenses on behalf of the Debtor and the estate, and only to the extent of any insurance coverage insofar as such proceeds are not an asset of the Debtor's estate or otherwise available to the creditor body.

**WHEREAS,** subject to all its rights and defenses in said State Court Action, the Debtor has no objection to the continuation of the State Court Action, on the terms and conditions set forth herein.

**WHEREAS,** the Debtor and the Claimant (the "Parties"), have agreed, subject to the terms of this Stipulation and subject to Bankruptcy Court approval, to modify the automatic stay of Bankruptcy Code § 362(a) to permit the Claimant to pursue recovery in the State Court Action solely to the extent of and against any available insurance coverage.

**NOW, THEREFORE**, after arms' length negotiations, and in consideration of the foregoing recitals, it is hereby stipulated and agreed that:

1. This Stipulation shall be effective as of the date it is approved by the Bankruptcy Court (the "Effective Date"). Prior to the Effective Date, the Claimant and the Debtor agree that they are bound by this Stipulation and that they shall support approval of this Stipulation.

2.       The automatic stay is hereby modified to permit Claimant to continue the prosecution of the State Court Action, but only to the extent of the limits of any existing insurance coverage that may be applicable to the State Court Action, provided, however, that any settlement of the State Court Action, or judgment rendered in the State Court Action may not exceed the applicable limits for any available insurance coverage as to Debtor.

3.       Notwithstanding anything to the contrary herein, the continuation of the State Court Action is subject to a full reservation of rights and defenses by the Debtor and the estate. This Stipulation does not expand the rights of the Claimant or waive any defenses of the Debtor, or estate in the event such action(s) are time-barred or otherwise not permitted under State Law or contract.

4.       For Plan voting purposes only, Eidel Weisz shall have an allowed Class 7 general unsecured claim $1.00. This is an estimated and temporary claim amount for voting purposes only pursuant to Rule 3018(a). Notwithstanding the allowance of the claim and the amount set forth in this paragraph, the rights of the Parties are preserved and not prejudiced in the State Court Action.

5.       In the event the Claimant's claim is liquidated by a final, non-appealable, judgment or settlement in the State Court Action, the amount of the Claimant's claim shall be deemed an allowed general unsecured claim under Class 7 of the Plan and be entitled to the distribution thereunder in addition to any available insurance coverage. Recovery on Claimant's allowed claim is limited by the Class 7 Plan treatment and any available insurance coverage.

6.       Nothing contained in this Stipulation is intended to be or should be construed as an admission of liability by the Debtor with respect to the allegations of the Claimant in the State Court Action related to any of the claims asserted therein.

7. Neither this Stipulation nor any actions taken pursuant hereto shall constitute evidence admissible against the Parties in any action other than one to enforce the terms of this Stipulation.

8. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors and assigns, executors, administrators and legal representatives.

9. The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation.

10. This Stipulation contains the entire agreement between the Debtor and the Claimant as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

11. This Stipulation may not be modified other than by signed writing executed by the Debtor and the Claimant.

12. Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the respective party hereto and that each such party has full knowledge and has consented to this Stipulation.

13. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy or facsimile signed by the Parties.

| | |
|---|---|
| Dated:  August 12, 2024 | Dated:  August 12, 2024<br>Roslyn, New York |
| */s/ Btzalel Hirschhorn*<br>Attorneys For Eidel Weisz<br>BTZALEL HIRSCHHORN, ESQ.<br>ATTORNEY<br>80-02 KEW GARDENS RD., STE. 600,<br>KEW GARDENS, NY 11415<br>TEL: (718) 263-6800  FAX: 718-520-9401 | **SPENCE LAW OFFICE, P.C.**<br>Attorneys for the Debtor<br><br>By:*/s/ Robert J. Spence*<br>Robert J. Spence, Esq. (RS3506)<br>55 Lumber Road, Suite 5<br>Roslyn, New York 11576<br>Tel.:(516) 336-2060 |

**IT IS SO ORDERED:**

Dated: August 21, 2024
Brooklyn, New York



_____
Jil Mazer-Marino
United States Bankruptcy Judge