**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------X
In re                                                    Case No. 24-40151 (JMM)

ICR GROUP, LLC,                                          Chapter 11

                        Debtor.
---------------------------------------------X

**DECLARATION OF JEFF BRODSKY IN SUPPORT OF ORDER GRANTING RELIEF
FROM THE AUTOMATIC STAY (HFC ACCEPTANCE LLC)**

**AP DEFAULT DECLARATION**

I, Jeff Brodsky, declare and state as follows:

1.      I have been employed by HFC Acceptance, LLC ("HFC") since 2002, and presently serve in the capacity of President. Since that time, I have been responsible for supervising the loan account of ICR Group, LLC, the debtor and debtor in possession ("Debtor") in the above-captioned bankruptcy case (the "Case").

2.      In my role as one of the officers of HFC, I am one of HFC's custodians of records. At all relevant times, I had, and have had, access to and possession, custody, and control of HFC's files, documents, and records related to matters relating to Debtor.  The records and documents referred to in this declaration constitute writings taken or made in the regular or ordinary course of HFC's business at or near the time of the act, condition, or event to which they relate by persons employed by HFC of HFC's counsel who had a business duty to HFC to accurately and completely take, make, and maintain such records and documents.  The following facts are true either of my personal knowledge or because they are a part of the business records of HFC.  If called upon to do so, I would and could competently testify to the truth thereof.

3.      On October 1, 2024, HFC did not receive the AP Payment that was to be paid to HFC on October 1, 2024 (the "AP Payment"), pursuant to section 3.a.ii. of the Order Conditionally Granting Relief From the Automatic Stay (HFC Acceptance LLC) (Dkt. 49) entered by the Court on May 22, 2024 (the "Order"). Capitalized terms not defined herein have the same definition as defined in the Order unless otherwise noted. A true and correct copy of the Order is attached hereto as **Exhibit 1**.

4.      On October 8, 2024, HFC filed (Dkt. 77) and served a Notice of Default of Adequate Protection Payment – Due Date: October 1, 2024 (the "AP Default Notice") on the Noticed Parties pursuant to section 4 of the Order regarding the AP Payment and AP Default resulting from Debtor's failure to timely make the AP Payment.  A true and correct copy of the AP Default Notice is attached hereto as **Exhibit 2**.

5.      On October 22, 2024, HFC did not receive the AP Payment within 14 days after the date of service of the AP Default Notice as required pursuant to section 4 of the Order.

6.      Pursuant to this AP Default Declaration, I affirm that an AP Default has occurred, HFC served the AP Default Notice on the Notice Parties, and Debtor failed to cure such AP Default within the AP Default Cure Period.

7.      Pursuant to section 2 of the Order, HFC was granted relief from the automatic stay pursuant to section 362(d)(1) for all purposes with respect to HFC's exercise and enforcement of any and all rights and remedies with respect to the Debtor HFC Financed Vehicles and the Debtor HFC (JMM) Equitable Lien Vehicles (collectively, the "HFC Vehicles"), where ever located (the "Stay Relief") effective upon the filing and service of an AP Default Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 22, 2024, at Los Angeles, California.

_____
Jeff Brodsky

EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
 In re:

 ICR GROUP LLC,

        Debtor.
--------------------------------------------------------X

Chapter 11

Case No. 24-40151 (JMM)

**ORDER CONDITIONALLY GRANTING RELIEF FROM THE AUTOMATIC
STAY (HFC ACCEPTANCE LLC)**

On April 3, 2024, at 10:45 AM, a hearing (the "Hearing") was held before the United States Bankruptcy Court, Eastern District of New York, the Honorable Jil Mazer-Marino presiding, to consider the Motion for Order Granting Relief from the Automatic Stay **[ECF No. 22] (JMM)** (the "Motion") by HFC Acceptance, LLC ("HFC") in the above-captioned bankruptcy case (the "Case") of ICR Group, LLC ("Debtor").  Appearances are as noted on the record.

Upon consideration of the Motion and papers filed in support of, opposition to, or relating to the Motion or otherwise in the Court's record and the presentation at the Hearing, finding notice of the Motion and the Hearing being sufficient, and good cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1. The Motion is granted under section 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code")[1] as provided in this Order.

2. Subject to the conditions hereof, HFC is hereby conditionally granted relief from the automatic stay pursuant to section 362(d)(1) for all purposes with respect to HFC's exercise and enforcement of any and all rights and remedies with respect to the Debtor HFC Financed Vehicles[2] and the Debtor **HFC (JMM)** Equitable Lien Vehicles (collectively, the "HFC

---
[1] All statutory references herein are to the Bankruptcy Code unless otherwise noted.
[2] Capitalized terms not defined herein have the same definition as defined in the Motion.

Vehicles"), where ever located (the "Stay Relief") effective upon the filing and service of an AP Default Declaration (as defined herein) as provided in this Order without any further notice, motion, hearing, or order; provided, notwithstanding and without limiting the foregoing, HFC, at its option, may file, with notice to the Notice Parties (defined below) in the same manner as set forth in section 4 of this Order, and the Court may enter a separate order confirming the Stay Relief consistent with this Order.

3.    Debtor shall fulfill each of the following covenants (the "AP Covenants") as adequate protection of HFC's interest in the HFC Vehicles pursuant to section 361:

a.    Debtor shall pay to HFC the following payments as adequate protection pursuant to section 361:

i.    $25,000.00 to be paid by cashier's check on or before April 30, 2024,

ii.    $25,000.00 to be paid by wire transfer pursuant to instructions to be provided by HFC to Debtor ("AP Payments") on or before May 1, 2024, and on the first day of each month thereafter until the effective date of a plan of reorganization confirmed in this Case (the "AP Payment Due Date").

b.    Debtor shall maintain at all times insurance coverage on the HFC Vehicles in such coverage amounts and on such terms as required under the Loan Documents (the "Vehicle Insurance") and ensure that HFC is designated as loss payee on all Vehicle Insurance.  Debtor shall deliver to counsel for HFC proof of the Vehicle Insurance and the designation of HFC as loss payee with respect to the Vehicle Insurance within five (5) days following request by HFC.

c.    Debtor shall timely pay all licensing and registration fees owed to a governmental agency and motor vehicle taxes owed to a governmental agency with regard to the HFC Vehicles that become due post-petition when such fees and taxes are due.

      d.      Debtor shall (i) deliver to counsel for HFC on the first day of each month (except for May 2024 when the report will be due May 22ND ) a report providing information regarding each of the HFC Vehicles, including the following information with respect to each HFC Vehicle:  (A) the odometer mileage, (B) the condition (i.e., fair, good, excellent) of and any damage to the vehicle excepting ordinary wear and tear, and (C) the location (if known).

4.      Upon a default of any AP Covenant (an "AP Default"), HFC shall serve by U.S. Mail and email written notice of such AP Default to Debtor at kenny@ezrentacarny.com and isaacbirn@gmail.com, counsel for Debtor at rspence@spencelawpc.com, and the subchapter V trustee appointed in the Case at gluckman@forchellilaw.com (the "Notice Parties"), and Debtor shall have 14 days after the date of service of the AP Default Notice (a "AP Default Cure Period") to cure the AP Default.

5.      In the event Debtor fails to cure an AP Default during the AP Default Cure Period, HFC shall be entitled to file and serve on the Notice Parties in the same manner as set forth in section 4 of this Order a declaration pursuant to which the declarant affirms that an AP Default has occurred, HFC served the AP Default Notice on the Notice Parties, and Debtor failed to cure such AP Default within the AP Default Cure Period (the "AP Default Declaration").  The Debtor reserves all rights to dispute the default.

6.      In addition to the AP Covenants, HFC is hereby granted a replacement lien (the "AP Lien") on the Debtor HFC Equitable Lien Vehicles (as defined in the Motion) (the "AP Collateral").  This Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the AP Lien, effective as of the date and time of entry of this Order, without any further act otherwise required, acknowledged, or accepted under federal, state or local requirements or law requiring notice, filing, registration, recording, or possession or control of assets or other act to validate or perfect a security interest or lien, including, without limitation, the filing of a UCC

1 financing statement (each, a "Perfection Act"). Notwithstanding the foregoing, HFC is authorized and is granted relief from the automatic stay to perform a Perfection Act as to the Debtor HFC Equitable Lien Vehicles, and Debtor is authorized and directed to perform such acts to the extent reasonably requested by Lender, and in such event, the subject filing or recording office or agency is authorized to accept, file, or record any document in regard to such act in accordance with applicable law, in which event all such documents shall be deemed to have been filed or recorded at the time and on the date of entry of this Order.  The AP Lien shall be first and senior in priority to all other interests and liens of every kind and nature, whether created consensually, by an order of any court including this Court, or otherwise, including, without limitation, liens or interests granted or acknowledged in favor of any other person or entity in conjunction with section 361, 362, 363, 364, or any other section of the Bankruptcy Code. This provision of this Order, including the perfection of the AP Lien as provided in this Order, shall continue in full force and effect and be binding on all parties at all times now and in the future, including, without limitation, the dismissal of the Case or the conversion of the Case to a case under chapter 7.

7.      The 14-day stay pursuant to Rule 4001(a)(3) of the Federal Rule of Bankruptcy Procedure is waived for all purposes relating to this Order.

8.      The AP Payments are to be credited to the principal amount of the HFC indebtedness.  HFC may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which HFC would otherwise have been entitled under applicable non-bankruptcy law.

9.      This Order shall remain in full force and effect upon the conversion of this Case to chapter 7 and binding on any trustee appointed in this Case under section 1104.

10.     Nothing contained in this Order shall be deemed or construed to waive, reduce or otherwise prejudice any rights of HFC, including, without limitation, opposing confirmation of

any plan of reorganization in this Case, seeking an order prohibiting or restricting the Debtor's use of cash collateral, granting further or additional relief from the automatic stay, converting the Case to a case under chapter 7 or dismissing the Case, or seeking further or different relief otherwise provided in this Order.

11.     Nothing contained in this Order shall be deemed or construed to waive, reduce or otherwise prejudice any rights of the Debtor, including, without limitation, treatment of the HFC indebtedness under a plan of reorganization in this Case, seeking relief pursuant to section 502 or 506, or seeking further or different relief otherwise provided in this Order.

12.     **All other relief requested in the Motion is denied.** **(JMM)**



Dated: May 22, 2024
         Brooklyn, New York

                                        Jil Mazer-Marino
                                    **United States Bankruptcy Judge**

EXHIBIT 2

**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Tracy L. Klestadt
Brendan M. Scott

**BUCHALTER, P.C.**
1000 Wilshire Boulevard
Suite 1500
Los Angeles, California 90017-1730
Tel: (213) 891-0700
William S. Brody (Pro Hac Vice Admission)
Brian T. Harvey (Pro Hac Vice Admission)
Erick D. Diaz (Pro Hac Vice Admission)

*Attorneys for HFC Acceptance, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re

ICR GROUP, LLC,

               Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No. 24-40151 (JMM)

Chapter 11

**NOTICE OF DEFAULT OF ADEQUATE PROTECTION PAYMENT**

**DUE DATE: <u>OCTOBER 1, 2024</u>**

       HFC Acceptance, LLC, a secured creditor ("<u>HFC</u>") of ICR Group, LLC, the debtor and debtor in possession ("<u>Debtor</u>") in the above-captioned case (the "<u>Case</u>"), hereby provides notice of default ("<u>AP Notice Default</u>") to: Debtor at kenny@ezrentacarny.com and isaacbirn@gmail.com, counsel for Debtor at rspence@spencelawpc.com, and the subchapter V trustee appointed in the Case at gluckman@forchellilaw.com (the "<u>Notice Parties</u>").

       NOTICE IS HEREBY GIVEN that HFC did not receive the adequate protection payment in the amount of $25,000.00 that was to be paid by Debtor and received by HFC on <u>October 1, 2024</u>, pursuant to the Order Conditionally Granting Relief From the Automatic Stay (HFC Acceptance LLC) [Dkt. 49] entered by the Court on May 22, 2024 (the "<u>AP Default</u>").

NOTICE IS FURTHER GIVEN that Debtor has 14 days from the date of the AP Default to cure the AP Default.

DATED: October 8, 2024

KLESTADT WINTERS JURELLER SOUTHARD & STEVENS LLP

By:    */s/ Tracy L. Klestadt*
       Tracy L Klestadt
       Brendan M. Scott

BUCHALTER
A Professional Corporation

By:    */s/ William S. Brody*
       William S. Brody
       Brian T. Harvey
       Erick D. Diaz

       Attorneys for HFC ACCEPTANCE, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: Buchalter, A Professional Corporation, 1000 Wilshire Blvd., Suite 1500, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled *(specify)*:

**NOTICE OF DEFAULT OF ADEQUATE PROTECTION PAYMENT - DUE DATE: OCTOBER 1, 2024**

will be served or was served in the manner stated below:

1.  **SERVED BY UNITED STATES MAIL**: On October 8, 2024, I served the following persons and/or entities at the last known addresses by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.

    ICR Group LLC
    199 Lee Avenue, Suite 675
    Brooklyn, NY 11211

    Robert J Spence
    Spence Law Office, P.C.
    55 Lumber Road, Suite 5
    Roslyn, NY 11576

    Gerard R Luckman, Esq.
    Subchapter V Trustee
    Forcelli Deegan Terrana, LLP
    333 Earle Ovington Blvd., Suite 1010
    Uniondale, NY 11553

2.  **SERVED BY EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling law and rules, on October 8, 2024, I served the following persons and/or entities by electronic mail as follows:

    Debtor:
    kenny@ezrentacarny.com
    isaacbirn@gmail.com

    Counsel for Debtor:
    rspence@spencelawpc.com

    Subchapter V Trustee:
    gluckman@forchellilaw.com

I declare under penalty of perjury under the laws of California and, to the extent applicable, the United States that the foregoing is true and correct.

| October 8, 2024 | Debby Bodkin | /s/ Debby Bodkin |
|---|---|---|
| Date | Type Name | Signature |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Buchalter, A Professional Corporation, 1000 Wilshire Blvd., Suite 1500, Los Angeles, CA 90017.

A true and correct copy of the foregoing document entitled *(specify)*:

**DECLARATION OF JEFF BRODSKY IN SUPPORT OF ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY (HFC ACCEPTANCE LLC)**

will be served or was served in the manner stated below:

1. **SERVED BY UNITED STATES MAIL**: On October 22, 2024, I served the following persons and/or entities at the last known addresses by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.

   ICR Group LLC
   199 Lee Avenue, Suite 675
   Brooklyn, NY 11211

   Robert J Spence
   Spence Law Office, P.C.
   55 Lumber Road, Suite 5
   Roslyn, NY 11576

   Gerard R Luckman, Esq.
   Subchapter V Trustee
   Forcelli Deegan Terrana, LLP
   333 Earle Ovington Blvd., Suite 1010
   Uniondale, NY 11553

2. **SERVED BY EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling law and rules, on July 9, 2024, I served the following persons and/or entities by electronic mail as follows:

   Debtor:
   kenny@ezrentacarny.com
   isaacbirn@gmail.com

   Counsel for Debtor:
   rspence@spencelawpc.com

   Subchapter V Trustee:
   gluckman@forchellilaw.com

I declare under penalty of perjury under the laws of California and, to the extent applicable, the United States that the foregoing is true and correct.

| October 22, 2024 | Margie Arias | /s/ Margie Arias |
|---|---|---|
| Date | Type Name | Signature |