

**KLESTADT
WINTERS
JURELLER
SOUTHARD &
STEVENS, LLP**

200 WEST 41ST STREET
17TH FLOOR
NEW YORK, NY 10036-7203
TELEPHONE (212) 972-3000
TELEFAX (212) 972-2245
WWW.KLESTADT.COM

October 23, 2024

VIA ECF

Hon. Jil Mazer-Marino
United States Bankruptcy Court
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East – Suite 1595
Brooklyn, NY 11201

      Re:  ICR Group, LLC, Chapter 11 Case 24-40151 (JMM)

Dear Judge Mazer-Marino:

  This firm is co-counsel to HFC Acceptance, LLC ("HFC") in the above-referenced Chapter 11, Subchapter V case. We write on HFC's behalf to report on current status of the case and request that the hearing on confirmation of the Debtor's First Amended Plan of Reorganization (the "Plan") currently scheduled on October 30, 2024 at 10:00 a.m. (the "Confirmation Hearing") be converted to a further status conference.

  **A. The Discovery Defaults**

  On August 9, 2024, HFC filed the Objection of HFC Acceptance, LLC to Confirmation of Debtor's First Amended Plan of Reorganization [Dkt. No. 64] (the "Confirmation Objection"). Subsequently, on August 27, 2024, HFC served requests for production of documents relating to contested Plan confirmation issues (the "Requests for Production") upon ICR Group, LLC ("the "Debtor") and AEZ Rent A Car LLC ("AEZ"), the sole member of Debtor and the proposed guarantor of all of the payments to be made by the Debtor pursuant to the Plan. On September 3, 2024, HFC and the Debtor appeared before the Court for a discovery conference relating to the Requests for Production (the "Discovery Conference"). During the Discovery Conference, the Court conducted a line-by-line review of the Requests for Production, and ruled on which Requests for Production would require a response from the Debtor and AEZ and on the scope of such responses.

  During the Discovery Conference, the Court also instructed the parties to submit a consensual discovery stipulation setting forth a schedule for document production and depositions to be completed prior to the Confirmation Hearing. Despite good faith efforts, HFC was unable to agree on the terms of a discovery stipulation with the Debtor. Consequently, on September 24, 2024, HFC wrote to the Court to inform the Court of the impasse regarding the discovery stipulation and submitted its version of a discovery stipulation to the Court for consideration via jmm_hearings@nyeb.uscourts.gov. On September 24, 2024, the Debtor, through counsel,

Hon. Jil Mazer-Marino
October 23, 2024
Page 2

responded via email to the Court indicating that the Debtor would not be able to respond to the Requests for Production by October 4, 2024 as HFC had proposed in its version of the discovery stipulation, and further stated as follows:

> I think the dates will need to be moved back by approximately one week. Also, there are a number of Jewish holidays in October and I need to see when Mr. Birnhack will be available. I am waiting to hear from Mr. Birnhack.

Notwithstanding the fact that the Requests for Production were served on August 27, 2024 and the Court ruled on the appropriate scope of the Requests for Production on September 3, 2024, neither the Debtor nor AEZ have provided any written responses, produced any documents relating to the Requests for Production or appeared for a deposition. The unexplained refusal of the Debtor and AEZ to respond to the Requests for Production has prejudiced HFC's ability to gather evidence in support of its Confirmation Objection to present to the Court during the Confirmation Hearing. HFC should not be forced to proceed with a contested evidentiary hearing where its legitimate discovery efforts have been thwarted by the willful failure of the Debtor and AEZ to participate in the discovery process. To the extent the Debtor intends to seek to proceed with the Confirmation Hearing despite its indisputable discovery failures, HFC respectfully requests that the Court convert the Confirmation Hearing into a further status conference so that the parties can discuss a revised discovery schedule, or otherwise discuss the direction of this case given the contemptuous conduct of the Debtor and AEZ.

### B. The Uncured AP Default and Resulting Stay Relief

In addition to the foregoing, HFC writes to inform the Court that an uncured AP Default has occurred under the terms of the Order Conditionally Granting Relief from the automatic Stay (HFC Acceptance LLC) [Dkt. No. 49] (the "Stay Relief Order")[1]. In accordance with the terms of the Stay Relief Order, on October 22, 2024, HFC filed the Declaration of Jeff Brodsky in Support of Order Granting Relief from the Automatic Stay (HFC Acceptance LLC) [Dkt No. 78] (the "AP Default Declaration"), wherein Mr. Brodsky declared under penalty of perjury that (i) the Debtor failed to make the AP Payment (as defined in the Stay Relief Order) for October 2024 on or before October 1, 2024 as required, (ii) on October 8, 2024, in accordance with the Stay Relief Order, HFC served notice of the Debtor's AP Default on the Notice Parties by U.S. Mail and email, and (iii) the Debtor failed to cure the AP Default within 14 days. HFC annexed to the AP Default Declaration proof of service of the AP Default Declaration upon the Notice Parties. Pursuant to paragraph 2 of the Stay Relief Order, HFC was granted Stay Relief effective upon HFC's filing and service of the AP Default Declaration without any further notice, motion, hearing, or order.

In light of the Stay Relief granted to HFC, the Debtor will not have the ability to use the HFC Financed Vehicles in its future upon the reinstatement of the receiver to recover and take possession of the HFC Financed Vehicles, in the action pending in the United States District Court,

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Stay Relief Order.

Central District of California (the "District Court"), entitled *HFC Acceptance, LLC v. AEZ Rent A Car, et al*, case no. no. 2:23-cv-07744-DDP-AGR, and the disposition of the HFC Financed Vehicles. These new circumstances raise additional threshold issues regarding the feasibility of the Debtor's Plan that will require additional discovery, including without limitation, analysis of revised projections from the Debtor that do not include the HFC Financed Vehicles as part of the Debtor's operations.

Based upon the foregoing, HFC respectfully requests that the Confirmation Hearing be converted to a further status conference for the independent reason that the changed circumstances resulting from the Stay Relief granted to HFC raise new factual issues regarding the confirmability of the Plan that require an opportunity for HFC to conduct additional discovery.

HFC's counsel will be available at the Court's convenience to discuss any of the foregoing.

Respectfully submitted,

*/s/ Tracy L. Klestadt*

Tracy L. Klestadt