UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                             :    Chapter 11
                                                  :    (Subchapter V)
                                                  :
ICR GROUP, LLC,                                   :    Case No. 24-40151 JMM
                                                  :
                        Debtor.                   :
---------------------------------------------------------------x

## DECLARATION IN SUPPORT OF APPLICATION OF SPENCE LAW OFFICE, P.C. TO WITHDRAW AS COUNSEL TO THE DEBTOR

I, Robert J. Spence, under penalty of perjury pursuant to 28 U.S.C. section 1746, declare as follows:

1. I am the president and principal attorney of Spence Law Office, P.C. ("Spence Law"), counsel to ICR Group LLC, the debtor and debtor-in-possession (the "Debtor") in the above captioned Chapter 11 Subchapter V case (the "Chapter 11 Case").

2. I submit this Declaration in support of Spence Law's application pursuant to E.D.N.Y. LBR 2090-l(d) seeking entry of an order granting its application to withdraw and be relieved as attorney of record to the Debtor in this Chapter 11 Case.

.
**A.    Posture of Case and Status of Pending Matters**

3. On January 11, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") with this Court.

4. The Debtor continues to manage and operate its business as Debtor in possession pursuant to section 1184 of the Bankruptcy Code.

1

5. Shortly after the Petition Date, the Office of the United States Trustee for the Eastern District of New York appointed Gerard Luckman as the subchapter V trustee (the "Subchapter V Trustee").

6. On June 10, 2024, Spence Law's retention as attorneys for the Debtor was approved by this Court effective as of the Petition Date. *See* Case Dkt. No. 52.

7. The Debtor is organized under the laws of the State of New York as a "for profit" limited liability company.

8. The Debtor is presently owned 100% by AEZ. Mr. Birnhack owns 100% of AEZ.

**Procedural History**

i. **The Plan**

9. On February 27, 2024, the Debtor filed its Plan of Reorganization.

10. On June 20, 2024, the debtor filed its First Amended Plan.

11. By Order dated June 28, 2024, the Court approved deadlines proposed in connection with confirmation of the Plan, approved the form and manner of notice to be provided to creditors and other parties-in-interest regarding confirmation of the Plan, and scheduled a hearing on confirmation of the Plan. [Docket No. 56]

12. The Debtor solicited ballots from the creditors and all creditors who voted, except HFC, voted to accept the Plan. See, Certification of Ballots filed on august 14, 2024 (ECF 68).

13. The Plan is a 5-year plan wherein the Debtor commits its projected disposable income to fund Plan payments in compliance with the Bankruptcy Code and in accordance with the Code's priority scheme.

14. On August 9, 2024, HFC filed the Objection of HFC Acceptance, LLC to confirmation of Debtor's First Amended Plan of Reorganization [Docket No. 64] (the "Plan Objection").

15. On August 20, 2024, HFC submitted a letter to the Court requesting the opportunity for HFC to conduct discovery related to the Plan and the Plan Objection [Docket No. 75], which Debtor opposed [Docket No. 76].

16. On August 21, 2024, the Debtor appeared ready to proceed with the scheduled Plan confirmation hearing. The Court used the hearing as a scheduling conference for discovery and the hearing was adjourned.

17. On August 27, 2024, HFC served requests for production on Debtor and AEZ (the "Requests").

18. On September 3, 2024, the Court held a discovery conference and ruled on the appropriate scope of the Requests. Additionally, the Court instructed the parties to submit a consensual discovery stipulation setting forth a schedule for document production and depositions to be completed prior to a confirmation hearing.

19. Despite the efforts of the Debtor and HFC, the parties were unable to agree on the terms of a discovery stipulation.

20. The Debtor has not proceeded with confirmation of its Plan.

**ii.   Motion to Lift Stay**

21. On February 27, 2024, HFC filed the *Motion for Relief from Stay* [Docket No. 22] (the "Stay Relief Motion"), seeking (i) delivery of possession of the HFC Title Vehicles to HFC, or, alternatively (ii) to allow Receiver to take possession, custody, and control of and to administer and liquidate the Debtor HFC Title Vehicles, to permit the release and distribution of

the Debtor HFC Title Vehicles and proceeds thereof to HFC, and to permit the District Court to issue and enforce its orders relating to the Debtor HFC Title Vehicles and Receiver.

22. On May 22, 2024, the Court entered its *Order Conditionally Granting Motion for Relief from Stay* [Docket No. 49] (the "Stay Relief Order"). The Stay Relief Order granted the Stay Relief Motion under section 362(d)(1). Pursuant to the Stay Relief Order, HFC is conditionally granted relief from stay with respect to the Debtor HFC Financed Vehicles and the Debtor HFC Equitable Lien Vehicles, effective upon the filing and service of a default declaration.

23. Pursuant to the Stay Relief Order, HFC was granted adequate protection in the form of monthly adequate protection payments, a replacement lien on all other assets of Debtor's estate, including the Debtor HFC Equitable Lien Vehicles, and the requirement that Debtor provide certain information regarding the Debtor HFC Financed Vehicles on a monthly basis. In particular, Debtor is required to provide adequate protection to HFC as follows: (i) $25,000.00 to be paid on or before April 30, 2024; (ii) $25,000 to be paid on or before May 1, 2024, and on the first day of each month thereafter until the effective date of a plan of reorganization confirmed in this Case (each an "AP Payment"); (iii) maintain at all times insurance coverage and designate HFC as loss payee; (iv) timely pay all licensing and registration fees and motor vehicle taxes; and (iv) provide monthly reporting regarding the HFC Financed Vehicles and the HFC Equitable Lien Vehicles.

24. Pursuant to the Stay Relief Order, upon any default of Debtor's covenants in the Stay Relief Order, including failure to timely make an AP Payment, HFC shall serve a notice of default to Debtor and subchapter V trustee (the "Trustee") and Debtor shall have 14 days to cure such default.

25. The Debtor did not make the payment of $25,000 due October 1, 2024. On October 8, 2024, HFC filed its *Notice of Default of Adequate Protection Payment Due Date* [Docket No. 77].

26. On October 22, 2024, HFC filed the *Declaration of Jeff Brodsky in Support of Order Granting Relief from the Automatic Stay* [Docket No. 78] (the "AP Default Declaration") informing the Court that Debtor failed to cure the October 1, 2024 AP Payment default within 14 days of the notice of default.

27. On November 26, 2024, HFC filed a motion to lift the automatic stay (the "Second Lift Stay Motion") and a motion to dismiss this case (the "Dismissal Motion"). Both motions are returnable before the Court on December 18, 2024.

**B.      Request to be Relieved and Withdraw as Counsel**

28. Pursuant E.D.N.Y. LBR 2090-l(d), "An attorney who ... has appeared as the attorney of record for any party in any case ... may not withdraw or be relieved or displaced except by order after notice to the party represented, any adversaries (if applicable), the United States trustee and the trustee. An application for such an order shall include a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including the status of any pending matters."

29. Pursuant to the New York Rules of Professional Conduct, 22 NYCRR 1200.16 Rule 1.16(c), "Except as stated in paragraph (d), a lawyer may withdraw from representing a client when:

> (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively;
> ...

22 YCRR 1200.16 Rule l.16(c)(7).

30.     Here, good cause exists for granting the Application. Without disclosing any attorney-client privileged communications, the attorney-client relationship between Spence Law and the Debtor has become strained due to the Debtor's continued failure to respond to Spence Law's attempts to communicate with the client. Spence Law has tried countless times to get the Debtor to respond to various information requests, directives and authority to act and respond to creditors, UST, and other communications, to no avail. Further, Spence Law has tried multiple different avenues of communication with the Debtor in the hopes of obtaining a response, including email, telephone, and text messaging. Unfortunately, the Debtor does not respond to any of Spence Law's various attempts at communication.

31.     Upon information and belief, the last contact with the Debtor was an October 29, 2024 text from Isaac Birnhack, the Managing Member of AEZ Rent A Car LLC, the sole member of Debtor. The October 29, 2024 communication was only a text message advising that Spence Law would receive a call back. As highlighted below, Spence Law has not had contact with the Debtor since that time, despite the aforementioned multiple attempts to contact the Debtor.

32.     Since October 29, 2024, I have reached out to the Debtor on multiple occasions via email, telephone, and text on the following dates with no response:

   a. 2 Emails and 6 text messages on October 30, 2024;
   b. Email on November 6, 2024;
   c. Text message on November 7, 2024;
   d. Two attempted phone calls on November 7, 2024
   e. Text message on November 14, 2024;
   f. Attempted phone call on November 14, 2024;
   g. Email and 2 text messages on November 15, 2024;
   h. Two text messages on November 18, 2024
   i. Email on December 1, 2024.
   j. Email on December 8, 2024.
   k. Text on December 9, 2024.

33. Spence Law has previously advised the Debtor in writing by e-mail and text messaging that it would be moving to withdraw as counsel if the failure to communicate continued. As of the date of this Application, the Debtor has still failed to respond to any of Spence Law's attempts to communicate.

34. To the extent the Court requires any further information on these factors -- to be provided in camera to preserve confidentiality, I will provide that information accordingly.

35. In light of the present procedural posture, there should be no material or adverse effect on the Debtor's interests and no party will be prejudiced by Spence Law's withdrawal at this juncture. Likewise, withdrawal should not result in any significant delay.

36. No prior application for the requested relief has been made.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: December 9, 2024
      Roslyn, New York

*/s/ Robert J. Spence*

Robert J. Spence

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re                                           :    Chapter 11
                                                :    (Subchapter V)
                                                :
ICR GROUP, LLC,                                 :    Case No. 24-40151 JMM
                                                :
                           Debtor.              :
---------------------------------------------------------------x

# ORDER GRANTING APPLICATION OF (I) SPENCE LAW OFFICE, P.C. TO WITHDRAW AS COUNSEL TO THE DEBTOR

Upon the application (the "Application") of Spence Law Office, P.C. ("Spence Law") to be relieved as counsel to ICR Group, LLC, the debtor and debtor-in-possession (the "Debtor"), in the above captioned case pursuant to E.D.N.Y. LBR 2090 (d)(1); and it appearing that good and sufficient notice of the Application was given; and a hearing on the Application having been held before the Court on _____, 2024 (the "Hearing"); and upon the Court's consideration of the declaration of Robert Spence in support of the Application, any opposition to the Application, and the Hearing; and for good and sufficient cause appearing; it is

**ORDERED** that the Application is granted; and it is further

**ORDERED** that Spence Law is hereby relieved as counsel to the Debtor in the Debtor's bankruptcy case; and it is further